Porto Rican & American Insurance Co., Petitioner, *v.*
District Court of Bayamón, Respondent.

No. 978.   Argued July 2, 1934.—Decided July 28, 1934.

*J. Henri Brown, C. Ruiz Nazario, G. E. González* and *S. Benítez Gautier* for petitioner. *Félix Ochoteco, Jr.,* and *Ricardo La Costa, Jr.,* for bidder Manuel Ochoa.

Mr. Justice Hutchison delivered the opinion of the Court.

At a foreclosure sale in a summary proceeding in the Bayamón District Court a property described in the registry and in the mortgage as 55.54 *cuerdas* of land was awarded to Manuel Ochoa as the highest bidder. A previous bidder who had offered $2,000 had been told that he must produce the cash and had gone out to get the money. The sale had been advertised for two o'clock in the afternoon. Counsel for the mortgagee arrived with the affidavit of publication a few minutes after two o'clock,—five minutes after two according to the finding of the district judge and twelve minutes after two according to the testimony of the marshal. Other testimony tended to show that the property was offered for sale at two o'clock, according to the town clock in Bayamón. Obviously, if the finding of the district judge and the watches of the witnesses on whose testimony that finding was based were right then the marshal and the town clock were wrong and the property must have been offered for sale before two o'clock. In any event, counsel for mortgagee arrived immediately after the award, while the money was being counted and before the question of costs and other details had been

settled. If the marshal had postponed the sale for five minutes, instead of proceeding without the affidavit of publication, or if he had awaited the return of the first bidder as he had promised to do, the mortgagee would not have been deprived of the opportunity to bid $9,000 if necessary in order to prevent the property from being sold for less than that amount. By reason of unforseen difficulties counsel for the mortgagee had been unable to obtain the affidavit of publication until about twenty minutes before two o'clock on the day of the sale. The excusable neglect in not having anticipated the possibility of such difficulties was fully explained. Notwithstanding this unexpected delay in leaving San Juan counsel would have arrived in time for the sale had they not met a herd of cattle on the road to Bayamón.

After an unsuccessful effort to persuade the marshal to reopen the bidding, counsel for the mortgagee filed a motion to set aside the sale. Later, counsel for Ochoa moved to strike from an amended motion the following paragraphs:

"13. The plaintiff further alleges that Manuel Ochoa, who was one of the bidders in the advertised public auction, appeared at the said sale simply as the agent and in the place of the person really interested in said public auction, that is, Joaquín Agusty.

"14. That the said Joaquín Agusty was negotiating with the plaintiff herein prior to the holding of the public auction for the purchase of either the mortgage, which was being foreclosed, or the mortgaged property once the plaintiff acquired title thereto, and that he had offered $9,000 for the said property to be paid partly cash and the remainder by assigning and selling mortgage credits and urban properties.

"15. That prior to the holding of the public auction herein, defendant Laureano Cantero offered to assign and convey the mortgaged property to the plaintiff as dation in payment of the amount claimed in the present case, but the plaintiff was informed that although the mortgaged property is described in the mortgage deed and in the registry of property as having 55.54 acres really the property has only 28 acres, which fact was communicated by the plaintiff to Mr. Agusty shortly before the holding of the public auction, and then the plaintiff agreed with Mr. Agusty that it would

bid at the public auction to be held in the present case, and that should the mortgaged property be awarded to the plaintiff it would then take the steps necessary to clear the title to the mortgaged property in order to determine the real area of the said property and that once the said steps were taken it would negotiate first with the said Mr. Agusty for the sale of the said property.

"16. The plaintiff alleges from information and belief that the haste and hurry with which the said public auction was held was due to the insistence of Mr. Agusty and his agent, Mr. Ochoa, who were aware that the plaintiff would bid, and that the said Mr. Agusty and the said Mr. Ochoa knew that the mortgaged property was worth more than $9,000 and with the sole and exclusive purpose of injuring the plaintiff and profiting themselves, insisted on the holding of the said public auction and that when they heard of the steps taken by the plaintiff herein for the purpose of securing the annulment of the public auction they tried by every means to secure a recordable title to the mortgaged property before the plaintiff herein had a chance to be heard in this court, so as to render of no effect any relief that the plaintiff might secure in the said court, and that although all the above steps had been taken by Mr. Joaquín Agusty, said Joaquín Agusty never appeared in this Court but executed the said acts and took all the steps through his employee and agent Manuel Ochoa, and that the said employee and agent, Manuel Ochoa, is a person without any kind of property according to the information and belief of the plaintiff."

The district judge overruled this motion in part and sustained it in part. The testimony at the hearing on the motion to set aside the sale showed, however, that (aside from any question of irregularity in proceeding with the sale without the affidavit of publication) the real purchaser, Joaquín Agusty, obtained an unfair advantage over the mortgage and that the result, if permitted to stand, would be a great injustice to the latter.

The district judge held that the price paid by Ochoa was not inadequate. This conclusion, however, was based on the finding that the parcel of land contained only 28.07 *cuerdas* instead of 55.54 *cuerdas.* We find no satisfactory basis for this finding. There was evidence tending to show that the

mortgage debtor, either before or after the execution of the mortgage, had segregated and sold a part of the 55.54 *cuerdas*. Probably, at the time of the sale he was not in possession of more than 28.07 *cuerdas*. There was nothing to show that the mortgagee had any knowledge of these sales. The property appeared in the registry of property as a parcel of 55.54 *cuerdas*. It was mortgaged as 55.54 *cuerdas*. It was described in the foreclosure proceeding and advertised for sale as 55.54 *cuerdas*. Obviously, it must have been sold as 55.54 *cuerdas*. It could hardly have been sold otherwise by the marshal although, as far as the record discloses, no certificate of sale has been issued and no deed of conveyance has been executed. Upon the theory that the area of the property was only 28.07 *cuerdas* the district judge estimated its value at $7,610. Upon that basis his conclusion was sound enough; but the evidence as a whole, we think, admits of no other logical conclusion than that the property was worth more than twice the amount at which it was valued by the district judge. In any event, the mortgagee was willing to bid as much as $9,000 at the time of the sale and is now willing to bid $10,000 in addition to the unpaid taxes which amount to something over $1,000. The mortgagee also made known to the district court its willingness to abide by any other just and reasonable condition that might be imposed. All things considered, we are persuaded that the price was inadequate and that because of this fact, supplemented as it is by the circumstances above outlined, the district court should have set aside the sale. See *Garcia* v. *Humacao Fruit Co.*, 25 P.R.R. 635.

The order must be annuled, the sale will be set aside, and the case remanded for further proceedings, including another sale.